980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teshome ABATE, Plaintiff-Appellant,
v.
Walter WALTON, Chaplain; Chaplain Hubbard; et al.,
Defendants-Appellees.
 No. 92-15613.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 2, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Teshome Abate appeals pro se the district court's denial of his motion for reconsideration of the district court's December 5, 1991 order granting defendants' motion to amend the judgment. Abate also challenges the court's denial of his motions for consolidation and for disqualification of the district court judge. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand.
 
 
 3
 On May 17, 1989, Abate filed this 42 U.S.C. § 1983 action against three prison chaplains. Abate claimed the defendants violated his civil rights by failing to provide him a diet that satisfied the dietary laws of his religion. Abate alleged he required a regular vegetarian diet during part of the year and a nondairy vegetarian diet during special fasting seasons.[1] On April 12, 1991, the district court entered default judgment against the defendants and ordered that they provide Abate both a regular and nondairy vegetarian diet.
 
 
 4
 The defendants moved to amend the April 12 judgment, alleging that (1) as chaplains their sole responsibility was to include Abate on the list of inmates who require vegetarian diets for religious purposes; and (2) they lacked the authority to prepare a nondairy vegetarian diet for Abate. On December 5, 1991, the district court granted the motion over Abate's opposition. The amended judgment only required that defendants include Abate on the list of prisoners who receive the regular vegetarian diet.
 
 
 5
 Abate moved for reconsideration of the district court's December 5 order. On March 4, 1992, the court denied the motion. Abate filed a notice of appeal on March 27, 1992.
 
 
 6
 * Appellees contend this appeal should be dismissed as untimely. This contention lacks merit.
 
 
 7
 Abate filed his notice of appeal 23 days after the district court's March 4, 1992 order denying his motion for reconsideration. This is within the 30-day filing period mandated by Fed.R.Civ.P. 4(a)(1). The appeal is therefore timely as to the March 4 order.
 
 
 8
 Moreover, because Abate served his motion for reconsideration within ten days of the district court's December 5, 1991 order granting defendants' motion to amend, we may treat it as a timely Fed.R.Civ.P. 59(e) motion. See Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989).[2] The time for filing a notice of appeal from the December 5 order therefore was tolled until March 4, 1992, when the court denied Abate's motion. See id. Accordingly, this court also may review the district court's December 5, 1991 order.
 
 II
 
 9
 We review a district court's order granting or denying a Rule 59(e) motion for an abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991).
 
 
 10
 "Inmates ... have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.1987) (per curiam).
 
 
 11
 Here, the record shows that during certain times of the year the dietary laws of Abate's religion forbid him from consuming dairy products. Abate is entitled to a diet that satisfies these dietary laws. See id. This diet, moreover, must be sufficient to maintain Abate in good health. See id.
 
 
 12
 We therefore vacate the district court's December 5, 1991 order granting defendants' motion to amend the court's April 12, 1991 judgment. The district court shall reinstate its April 12, 1991 judgment and supplement the judgment with instructions requiring that Abate's nondairy vegetarian diet include such nondairy substitutes as are necessary to provide him sufficient nutrition.
 
 III
 
 13
 The district court did not abuse its discretion by denying Abate's motion to consolidate. See Investors Research Co. v. United States Dist. Court, 877 F.2d 777, 777 (9th Cir.1989) (order) ("district court has broad discretion under ... [Fed.R.Civ.P. 42(a) ] to consolidate cases pending in the same district"). Moreover, we agree that Abate's motion to disqualify the district court judge was based entirely on adverse prior rulings. Therefore, the district court did not abuse its discretion by denying that motion. See United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986).
 
 
 14
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.[3]
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The regular vegetarian diet includes milk or a combination of eggs and milk
 
 
 [2]
 The fact that Abate cited to Rule 60(b) in his motion is not dispositive. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir.1991)
 
 
 [3]
 In light of our disposition, we vacate that part of the district court's March 4, 1992 order denying Abate's motion for reconsideration. We deny Abate's motion for injunctive relief on appeal as moot