74 F.3d 1245
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Teshome ABATE, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendants-Appellees.
 No. 94-16335.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 13, 1995.*
Decided Jan. 8, 1996.
 
 1
 Before: WIGGINS and LEAVY, Circuit Judges, and REAL,** District Judge.
 
 
 2
 MEMORANDUM***
 
 OVERVIEW
 
 3
 Teshome Abate, a prisoner in custody of the Arizona Department of Corrections ("ADOC") who claims to be a member of the Ethiopian Orthodox Tewahido Church, filed this action in the District of Arizona, alleging that his constitutional rights were violated by: 1) ADOC officials' failure to provide him with a religiously mandated diet; 2) prison guard harassment; 3) prison guards changing identity badges to confuse him; 4) confiscation of property from his cell; 5) denial of use of the law library typewriter to write letters; 6) denial of a job; and 7) retaliation for the exercise of his constitutional rights through all of the above.
 
 
 4
 The district court granted ADOC's motion for summary judgment, ruling that the claim regarding Abate's diet was barred by res judicata and collateral estoppel, and that Abate failed to come forward with evidence to establish the elements of his other claims. Abate appeals this ruling, as well as the district court's refusal to consolidate this case with his previously filed case before Judge Stephen McNamee, a case which is also on appeal before this panel in Abate v. Walton, No. 94-15942.
 
 
 5
 We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm the district court's orders granting summary judgment and denying Abate's motion to consolidate.
 
 DISCUSSION
 I. STANDARDS OF REVIEW
 
 6
 We review de novo the district court's determination that res judicata and collateral estoppel bar relitigation of a claim. Miller v. County of Santa Cruz, 39 F.3d 1030, 1032 (9th Cir.1994), cert. denied, 115 S.Ct. 2613, 132 L.Ed.2d 856 (1995). We also review the district court's grant of summary judgment de novo, determining whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.), petition for cert. filed, 64 U.S.L.W. 3271 (U.S. Sept. 20, 1995) (No. 95-481).
 
 
 7
 Lastly, we review the denial of a motion to consolidate under Federal Rule of Civil Procedure 42(a) for abuse of discretion. See Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir.1995); Dunn v. New York State Dep't of Labor, 47 F.3d 485, 490 (2nd Cir.1995); Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir.1994); see also Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of California, 877 F.2d 777 (9th Cir.1989) (district court has broad discretion to grant consolidation under Rule 42(a)).
 
 
 8
 II. THE DISTRICT COURT DID NOT ERR IN FINDING THAT ABATE WAS BARRED FROM RELITIGATING HIS CLAIMS RELATING TO HIS DIET BASED ON JUDGE MCNAMEE'S RULING IN ABATE v. WALTON, NO. 94-15942.
 
 
 9
 We find that the doctrines of res judicata and collateral estoppel barred Abate from relitigating the issue of his allegedly religiously-required diet.
 
 
 10
 Res judicata bars the relitigation of a claim previously tried and decided. Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992). Generally, the parties to the previous cause of action must be the same as the parties in the action in which res judicata is invoked, however, "a judgment can bind persons not parties to the litigation in question ... if the persons are in privity with the parties to the litigation." Class Plaintiffs v. City of Seattle, 955 F.2d 1268, 1277 (9th Cir.), cert. denied, 113 S.Ct. 408, 121 L.Ed.2d 333 (1992). Privity exists when there is such a close relationship between a party and non-party that the non-party would be fairly bound by the judgment. Id. at 1277-78.
 
 
 11
 Abate's diet related claims in this case were undoubtedly the same claims litigated before Judge McNamee. In addition, though the named defendants in Walton were prison chaplains, and the named defendants in this case are other ADOC officials, any decision against the defendants in Walton essentially would have been a judgment against ADOC as a whole, because it would have required implementation of a diet by the administration, religious department, and food service department of ADOC. Thus, the application of res judicata was appropriate in this case.[1]
 
 
 12
 Therefore, the district court did not err in granting summary judgment on Abate's religious diet claim.
 
 
 13
 III. THE DISTRICT COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT ON ABATE'S REMAINING CLAIMS.
 
 
 14
 The district also granted summary judgment against Abate on the following claims: 1) prison guard harassment; 2) prison guards changing identity badges to confuse him; 3) confiscation of property from his cell; 4) denial of use of the law library typewriter to write letters; 5) denial of a job; and 6) retaliation for the exercise of his constitutional rights through all of the above.[2] Abate appeals the grant of summary judgment, arguing that he did produce evidence sufficient to defeat defendant's motion.
 
 
 15
 For the following reasons, we find no material issues of fact exist with respect to these claims and therefore affirm the district court's grant of summary judgment.
 
 A. Prison Guard Harassment
 
 16
 Abate's factual allegations are difficult to glean from his numerous pleadings before the district court and this court. However, his "harassment" claim appears to be divided into two main themes: (1) prison guards harassed him verbally and looked at him "with a bloody eye;" and (2) prison guards permitted other inmates to harass him (i.e., by throwing water and urine into his cell).
 
 
 17
 First, unsupported claims of harassment are insufficient to support a cause of action under Sec. 1983. Ivey v. Board of Regents, 673 F.2d 266 (9th Cir.1982). Thus, Abate's repeated general assertions of harassment do not suffice to defeat summary judgment. Moreover, the district court is correct that mere verbal harassment or "a look" does not amount to a constitutional violation. See Olaterzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.1987) (prison guard's threats of bodily harm insufficient to state a Sec. 1983 claim).
 
 
 18
 Second, Abate's claim that prison guards permitted other inmates to harass him fails to allege a claim against any named defendant in this lawsuit.[3]
 
 B. Changing Identity Badges
 
 19
 Abate asserts that Sergeant Sadiek switched identity badges to confuse him. C.R. 1, p. 12.[4] This is a further claim of harassment, and again, if true would not amount to a constitutional violation under Sec. 1983.
 
 
 20
 C. Confiscation of Property from Abate's Cell
 
 
 21
 Abate asserts that on October 23, 1988 Sergeant Stacey confiscated several magazine articles from his cell. Regardless of the factual dispute concerning the nature of the property confiscated from Abate's cell, intentional and negligent deprivations of property do not constitute deprivations of due process where (1) the deprivation is unauthorized by state procedure and (2) a meaningful postdeprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533 (1983).
 
 
 22
 Here, Abate alleges that the deprivation of property was unauthorized by prison regulations; in addition, he has set forth no evidence to show that meaningful postdeprivation remedies are not available. His sole assertion regarding his postdeprivation remedy is that he should have been provided a receipt, but was not. This allegation alone is insufficient to raise a triable issue of fact on this claim, as Abate provides no evidence that he attempted to use the remedies available to obtain a receipt or obtain his property.[5]
 
 D. Denial of Use of Law Library Typewriter
 
 23
 Abate's claim that he was unconstitutionally denied access to the law library typewriter also fails to withstand summary judgment. Inmates do not have a constitutional right to the use of a typewriter. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Thus, the ADOC's requirement that the law library typewriter be used for communications with the court or lawyers (not with political officials) is not improper.[6]
 
 E. Denial of a Job
 
 24
 Abate has no federal constitutional liberty of property interest in prison employment. Lyon v. Farmer, 727 F.2d 766, 769 (7th Cir.1984) (prisoners have no constitutional entitlement to tenure in prison jobs; whatever interests inhere in prison employment are the product of state law); see also Bauman v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir.1985) (denial of work and home furlough does not implicate constitutional interests because no state created liberty interest).
 
 
 25
 In addition, state created liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995) (rejecting Hewitt v. Helms analysis and holding that prisoner has no liberty interest in avoiding thirty days of disciplinary segregation as punishment for misconduct). The denial of a prison job does not "impose atypical and significant hardship" on an inmate "in relation to the ordinary incidents of prison life" and therefore under Sandin does not implicate a state created liberty interest.
 
 
 26
 Thus, although Abate presents evidence through his own affidavits that conflicts with ADOC's account of his employment history, Abate's inability to obtain the prison job he desires is not grounds for an action under Sec. 1983.[7] Moreover, Abate's claim that he was underpaid as a law library clerk also fails to meet the above standard.
 
 F. Retaliation
 
 27
 Abate also claims that all of the above allegations are evidence of the prison guards retaliation against him for exercising his religious and legal rights. He further asserts that the numerous disciplinary charges against him were in retaliation for the exercise of those same rights.
 
 
 28
 To state a retaliation claim under 42 U.S.C. Sec. 1983, the prisoner must show that (1) the activity he engaged in is constitutionally protected and (2) prison authorities have impermissibly infringed upon his engagement in the protected activity. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985). The prisoner also must show that the alleged retaliatory action does not advance legitimate penological goals or is not narrowly tailored to achieve such goals. Id. at 532.
 
 
 29
 Abate fails to meet this standard. First, Abate fails to show that the prison impermissibly infringed upon any of his asserted First Amendment activities. Second, to the extent he relies on claims that disciplinary actions were taken in retaliation against his exercise of religion of use of the courts, he has failed to show that the disciplinary actions were unwarranted. See Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir.1990) (cause of action for retaliation based on disciplinary report fails where prisoner admits he engaged in prohibited activities).
 
 
 30
 For the foregoing reasons, we affirm the district court's grant of summary judgment as to these claims.
 
 
 31
 IV. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DECLINED TO CONSOLIDATE THIS CASE WITH THE CASE BEFORE JUDGE MCNAMEE.
 
 
 32
 Federal Rule of Civil Procedure 42(a) states in full:
 
 
 33
 (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay.
 
 
 34
 Rule 42(a) sets forth no situations in which consolidation must be granted. "The district court has broad discretion under this rule to consolidate cases pending in the same district." Investors Research Co. v. United States Dist. Ct. for Cent. Dist. of California, 877 F.2d 777 (9th Cir.1989); see also Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir.1995) ("We have found no cases, however, in which a court's refusal to order consolidation has been overturned.").
 
 
 35
 Judge Rosenblatt did not abuse his discretion in refusing Abate's motion to consolidate. His refusal of the motion was based on a denial of a similar motion to consolidate by Judge McNamee. Moreover, we affirmed Judge McNamee's refusal to consolidate the two cases in an earlier appeal. Abate v. Walton, No. 92-15613, 1992 WL 355525, at * 2 (9th Cir. Dec. 2, 1992). Abate's attempt to consolidate these two cases is nothing more than an attempt to relitigate claims which were not resolved to his satisfaction.
 
 CONCLUSION
 
 36
 For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of ADOC on all claims and AFFIRM the district court's refusal to consolidate this case with Abate's previously filed case Abate v. Walton.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Hon. Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Moreover, even if the elements of res judicata were not present, the doctrine of collateral estoppel justified granting summary judgment on the diet claim. The diet issues in the two cases were "sufficiently similar and sufficiently material," the issue was "litigated" before Judge McNamee, and the issue was "necessarily decided" in the first case. U.S. v. McLaurin, 57 F.3d 823, 826 (9th Cir.1995). We also note that Abate's argument that the doctrines should not apply because Judge McNamee's earlier decision was a product of bias and prejudice is without merit. See Memorandum Disposition for Abate v. Walton, No. 94-15942 dated ___
 
 
 [2]
 Abate does not appeal the court's ruling regarding the denial of isolated housing during religious fasts. Appellant's Informal Br. at 28. In addition, although Abate did challenge the district court's failure to address "plaintiff's claims regarding grievance procedure," this claim was never set forth with any specificity. Objection to Defendants' "Motion for Summry [sic] Judgment," p. 3 (This pleading was erroneously lodged, not filed, and therefore does not have a docket number.)
 
 
 [3]
 Abate named defendants Lewis, Avenenti, Terry, Salazar, Swindlehurst, Sadiek, Witten, Tremont and Stacey. His allegations concerning inmate harassment pertain to CSO Allen, Sergeant Dimmick, CSO Cigillum, Sergeant Lucas, CSO Janson, CSO Sims, CSO Woods, CSO Jones, and CSO White. See C.R. 85, Exhibit 2.D.70 (describing series of incidents where inmates threw water, urine, and a needle into Abate's cell, threw hot soup on his face, and attempted to burn his bedsheet, but no disciplinary action was taken by the prison personnel on duty). It appears that Abate has included his specific claims against these individuals in another action. See Objection to Defendants' "Motion for Summary Judgment," p. 5 (lodged but not filed)
 
 
 [4]
 Abate asserts on appeal that both Sadiek and Tremont switched identity badges to confuse him. Appellant's Informal Br. at 34; however, there is no reference to Tremont switching identity badges in the record
 
 
 [5]
 To the contrary, the documentary evidence Abate includes regarding a different property dispute, shows that Abate could effectively request a receipt for property taken from his cell. Objection to Defendants' "Motion for Summry [sic] Judgment," Exhibit 2.D.2
 
 
 [6]
 Note that Abate does not claim that he was unable to write to former President Reagan at all --simply not on the law library typewriter. Thus, Abate's First Amendment right to petition the government for redress is not implicated. Moreover, although Abate alleges that he was punished for exercising his right to petition the government for redress because he received a disciplinary write-up for using the typewriter, the evidence he submitted demonstrated that the write-up was not a punishment for writing to President Reagan, but rather a punishment for using the typewriter for an unauthorized purpose
 
 
 [7]
 Note that Abate presented no evidence that the denial of a job was based on his race