10 F.3d 693
 1993-2 Trade Cases P 70,431, 27 Fed.R.Serv.3d 465
 In re DUAL-DECK VIDEO CASSETTE RECORDER ANTITRUST LITIGATION.
GO-VIDEO, INC., an Arizona Corporation, Plaintiff-Appellant,
v.
The MOTION PICTURE ASSOCIATION OF AMERICA, Victor Company of
Japan, Ltd., Sony Corporation, et al., Defendants,
and
Matsushita Electrical Industrial Co., Ltd., Defendant-Appellee.
 No. 92-15967.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Dec. 2, 1993.
 
 Joseph M. Alioto, The Law Firm of Joseph M. Alioto, San Francisco, CA, Daniel R. Shulman, Gray, Plant, Mooty, Mooty & Bennett, Minneapolis, MN, for plaintiff-appellant.
 Debra J. Pearlstein, A. Paul Victor, and Jay N. Fastow, Weil Gotshal & Manges, New York City, for defendant-appellee.
 Appeal from the United States District Court for the District of Arizona.
 Before: ALARCON, LEAVY and KLEINFELD, Circuit Judges.
 KLEINFELD, Circuit Judge:
 
 
 1
 The district court held Go-Video in contempt for using discovery from its earlier lawsuit to support a later lawsuit, in violation of a protective order. We reverse.
 
 I. Facts
 
 2
 Go-Video sued Matsushita and other defendants for antitrust violations in 1987. As is common now in business litigation, the parties signed a stipulation for a very broad protective order prohibiting use of disclosure of material obtained in discovery. The stipulation approved by order consists of ten single spaced pages plus signatures, and limits use of materials obtained in discovery to the action in which the order was issued.
 
 
 3
 All information produced in discovery, including, but not limited to, "Confidential Information" shall be used solely in the preparation for trial and/or trial of this action, shall not be used at any time for any other purpose whatsoever and shall not be disclosed to or made accessible to any person who is not a party to this action and/or a "Qualified Person."
 
 
 4
 During discovery, Go-Video obtained information which it claimed would show other antitrust violations in addition to those already alleged in its second amended complaint. After the court denied Go-Video leave to amend its complaint to include the new claims, Go-Video filed a second lawsuit in January of 1990.
 
 
 5
 Three acts were the basis for the contempt order. First, in the 1990 complaint, Go-Video averred that the defendants had entered into agreements "described more fully in the 'statement of specific facts relied upon by Go-Video, Inc., in opposition to motions of defendants for summary judgment on antitrust issues' " in the first Go-Video action. Second, in the 1990 case, Go-Video moved for an order prohibiting destruction of evidence, and under seal referenced discovery from the 1987 case. Third, Go-Video made a discovery request in the 1990 case, which referred to discovery obtained in the 1987 case.
 
 
 6
 The defendants have not claimed that Go-Video disclosed confidential information. They make no claim that the stated purposes of the order were violated,[1] or that any competitor or anyone else learned anything inappropriate from Go-Video's use of discovery. The contempt was based on a violation of the term of the order prohibiting any use "whatsoever" of information obtained in discovery except for preparation and trial of "this action."
 
 II. Analysis
 
 7
 We have jurisdiction to decide this matter pursuant to 28 U.S.C. Sec. 1291, because the order of civil contempt was a "final decision." In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1363 (9th Cir.1987). We review a district court's contempt order for abuse of discretion. Diamontiney v. Borg, 918 F.2d 793, 795 (9th Cir.1990).
 
 
 8
 Civil contempt in this context consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply. The contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order. Crystal Palace, 817 F.2d at 1365. But a person should not be held in contempt if his action " 'appears to be based on a good faith and reasonable interpretation of the [court's order].' " Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir.1982) (quoting Rinehart v. Brewer, 483 F.Supp. 165, 171 (S.D.Iowa 1980). "Substantial compliance" with the court order is a defense to civil contempt, and is not vitiated by "a few technical violations" where every reasonable effort has been made to comply. Id. at 891; see also General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1378-79 (9th Cir.1986).
 
 
 9
 The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by "clear and convincing evidence," not merely a preponderance of the evidence. Vertex, 689 F.2d at 889. Our review, though, is limited by the abuse of discretion standard, and we will not reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment after weighing the relevant factors. Crystal Palace, 817 F.2d at 1364.
 
 
 10
 This set of rules is easy to articulate but difficult to apply. We must determine, under a restrained standard of review, whether the district court could properly determine (1) that Go-Video violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.
 
 
 11
 Go-Video committed three technical violations of the order by using the discovery from the first lawsuit to advance the second. But the defendant failed to prove by clear and convincing evidence that under a good faith, reasonable interpretation of the protective order, Go-Video did not substantially comply with the order.
 
 
 12
 The order, as its "WHEREAS" clauses explain, was designed to protect commercial secrets.[2] Its detailed provisions were written by defendants' lawyers, not the judge, to throw the biggest possible blanket over every kind of knowledge which might be obtained in the lawsuit, lest a secret be exposed. But as Go-Video explains in its brief, if taken literally, the order would be absurd. Because Go-Video's lawyers cannot achieve total amnesia and all their subsequent work in antitrust litigation against the defendants (and perhaps anyone else) would be informed by what they learned during discovery in the 1987 suit, the order would prohibit them from representing Go-Video at all in the 1990 litigation. Indeed, lawyers who learn from and use their experience obtained in discovery under such an order would have to change fields, and never do antitrust work again, lest they "use" what they learned in a prior case "in any way whatsoever" in any "other action." For the protective order to comply with common sense, a reasonable reading must connect its prohibitions to its purpose--protection against disclosure of commercial secrets.
 
 
 13
 The defendants have not accused Go-Video of revealing any secrets. Instead, they argue Go-Video "used" information in violation of the protective order that it would not have discovered so easily but for the protective order, just by filing another lawsuit and litigating. But Go-Video went to great lengths to avoid revealing in the public filings anything it had learned in discovery. Privacy of proprietary information, not immunity from suit, was the legitimate purpose of the protective order. Despite its harmless technical violations, Go-Video substantially complied with the order. The only other prejudice defendants have alleged is the $10,000 in attorney's fees they spent on the motion to hold Go-Video in contempt.
 
 
 14
 Under Crystal Palace, the award to defendants must be limited to their "actual loss" for " 'injuries which result from the noncompliance.' " Crystal Palace, 817 F.2d at 1366 (quoting Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir.1983)). Defendants' only claimed injuries were self-inflicted, by their own spare-no-expense punitive expedition, not by Go-Video's use of discovery from the first lawsuit in the second. Because Go-Video substantially complied with a reasonable interpretation of the protective order, it could not properly be held in contempt.
 
 
 15
 The judgment of contempt is vacated.
 
 
 
 [1]
 The protective order provides:
 WHEREAS, it appears that the preparation for trial and trial of this action may require the discovery, production and use of documents, information and other material technical, commercial and other information deemed inappropriate for public disclosure; and
 WHEREAS, the parties hereto desire to be protected against potential and unreasonable annoyance, disadvantage, financial loss, hardships and substantial prejudice which may result from the unauthorized disclosure to their respective competitors, other parties to this action or to others who are not parties to this action, of matters deemed confidential or proprietary or otherwise deemed inappropriate for public disclosure by any party; and
 WHEREAS, the parties agree that the ends of justice will be served by the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, setting forth procedures and rules governing the discovery, use and disclosure of such documents, information and other materials....
 
 
 [2]
 See supra note 1