85 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BIOCELL LABORATORIES, INC., a California Corporation,
Plaintiff-Appellee,
v.
BIOCELL RESEARCH LABORATORIES, LTD., a Foreign Corporation,
Defendant-Appellant.
BIOCELL LABORATORIES, INC.,
Plaintiff-Counter-Defendant-Appellant-Cross-Appellee,
v.
BIOCELL RESEARCH LABORATORIES, LTD.,
Defendant-Counter-Claimant, Appellee-Cross-Appellant,
John Chandler, Dr., Defendant-Appellant.
 Nos. 93-55769, 94-56162.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1996.
Decided May 15, 1996.
As Amended on Grant of Rehearing June 21, 1996.
 
 1
 Before: GOODWIN and HAWKINS, Circuit Judges, and MARQUEZ, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Biocell Research Laboratories, Ltd. ("Defendant") appeals a preliminary injunction, a finding of Defendant's civil contempt, a permanent injunction, and an award of attorney's fees to the plaintiff. We affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 4
 Biocell Laboratories, Inc. ("Plaintiff") has been doing business in the United States under that name since 1973, making and distributing products used in biotechnical testing. Plaintiff currently owns two federal registrations for the trademark "Biocell."
 
 
 5
 Defendant was founded in Cardiff, Wales in 1986, and began to exhibit and market its products in the United States. Defendant's products are used in the same general field as Plaintiff's products, but have a much more specific and technical application within the field. Defendant's products also carried a name which included the word, "Biocell."
 
 
 6
 Plaintiff sued in 1992, and on January 4, 1993, the district court granted Plaintiff's motion for a preliminary injunction and entered its order for the same on May 14, 1993. Defendant's timely appeal from that order is now before us as appeal no. 93-55769, and its appeal from the final judgment is before us as no. 94-56162.
 
 
 7
 Following the entry of the preliminary injunction, Defendant displayed products in the United States bearing the name "British Biocell International". Plaintiff then filed a "Notice of Motion and Motion for Order to Show Cause Re Defendants' Civil and Criminal Contempt." On April 1, 1994, the district court found Defendant in civil contempt because Defendant's renewed use of the word "Biocell" violated the preliminary injunction. The order provided that Plaintiff would recover attorney's fees associated with litigating the contempt issue, and the Plaintiff subsequently moved for fees totalling $18,768.70. After requesting further documentation from Plaintiff regarding the fees, the district court awarded $17,268.70 to Plaintiff.
 
 
 8
 Following a bench trial, the district court granted Plaintiff the permanent injunction, but no damages.
 
 
 9
 A. Plaintiff's Delay.
 
 
 10
 Defendant asserts that Plaintiff slept on its rights between February 26, 1990 and December 8, 1992 when Defendant was using the name "Biocell" in the United States continuously without objection by Plaintiff. Plaintiff answers that it acted within three weeks of discovering Defendant's infringing activity in late 1992. Upon examining the letters concerning the use of the "Biocell" name exchanged between Plaintiff, Defendant, and their respective counsel between June, 1989, and February, 1990, it becomes clear that Plaintiff was justified in believing that seeking a preliminary injunction was unnecessary at that time because in these letters Defendant's counsel assured Plaintiff more than once that his client would cease using the name "Biocell". Defendant simultaneously asked Plaintiff to pay Defendant's costs and to agree not to use the name "Biocell" in the United Kingdom, but it did not condition its promise to cease using "Biocell" in the United States on Plaintiff's compliance with that request.
 
 
 11
 Nevertheless, after the exchange of letters, Defendant increased its business presence in the United States. Plaintiff filed this action immediately upon learning that Defendant had begun selling its products at trade shows using the "Biocell" name, whereas previously its products had been sold at booths registered under its distributor's name, "Ted Pella, Inc.". Under these circumstances, there was no significant delay in Plaintiff's response once it learned of the infringement.
 
 
 12
 B. Likelihood of Confusion.
 
 
 13
 Because both the preliminary injunction and the permanent injunction rest on a finding of likelihood of confusion, our review of that finding covers both appeals. Under the clearly erroneous standard, we overturn a district court's findings of fact only if we are left with the "definite and firm conviction" that a mistake has been made. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 14
 We have set forth several variations of the test for determining when a likelihood of confusion exists, but "[t]hese tests were not meant to be requirements or hoops that a district court need jump through to make the determination." Eclipse Assoc. v. Data Gen. Corp., 894 F.2d 1114, 1118 (9th Cir.1990). In AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir.1979) we identified eight factors which help determine whether a likelihood of confusion exists: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. The district court found that all of the Sleekcraft factors weighed in favor of Plaintiff with the exception that there was no evidence that Defendant intended to select a mark which would usurp Plaintiff's goodwill. The district court correctly found that there was a likelihood of confusion, thereby creating a presumption of irreparable harm.
 
 
 15
 C. Defendant's Civil Contempt.
 
 
 16
 We review a contempt order for abuse of discretion. In re Dual-Deck Video Cassette Antitrust Lit., 10 F.3d 693, 695 (9th Cir.1993). A district court properly holds a party in contempt when the party disobeys a specific and definite court order by failing to take all reasonable steps within the party's power to comply. Id. However, a party should not be held in contempt if its action was "based on a good faith and reasonable interpretation of the court's order." Vertex Distrib. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir.1982) (emphasis added) (internal citations and quotation marks omitted).
 
 
 17
 The preliminary injunction enjoined Defendant from "using, selling or distributing in commerce any product containing or having applied to, or being referenced by any trademark which is a reproduction, copy or colorable imitation of the trademark 'BIOCELL'." We reject Defendant's claims that this and other statements in the preliminary injunction "can be read, with good faith and reasonable interpretation, to mean that only the Plaintiff's stylized logo and its trade name are protected by the Preliminary Injunction." Br. for Appellant (94-56162) at 30. Defendant's claim that it understood the district court's clear order to allow it to continue using the name "Biocell" is disingenuous at best. Therefore, we affirm the finding of civil contempt.
 
 
 18
 D. The Attorney's Fees Awarded.
 
 
 19
 We review a district court's award of attorneys' fees arising from civil contempt proceedings for abuse of discretion. Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379-80 (9th Cir.1986). In Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976), we adopted a list of twelve factors "to be considered in the balancing process required in a determination of reasonable attorney's fees. The failure to consider such factors constitutes an abuse of discretion."
 
 
 20
 Although the district court's order awarding fees did not explicitly address all twelve of the Kerr factors, it did consider billing records provided by Plaintiff's counsel and the descriptive information contained therein. Moreover, we note that the court awarded $1500 less than Plaintiff requested, indicating that it scrutinized the records submitted and based its award on some of the Kerr factors. Thus, we hold that the court did not abuse its discretion.
 
 
 21
 We AFFIRM the district court's grant of a preliminary and permanent injunction, its finding of civil contempt, and its award of attorneys' fees. On the record presented, the only economic disadvantage to Plaintiff was the cost of litigation. That cost was substantially defrayed by the award of attorney fees. The Plaintiff is entitled to its costs on appeal.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable Alfredo C. Marquez, Senior District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3