**UNITED STATES of America**
**Petitioner,**

v.

**Dana A. ROSE, in her capacity**
**as President of White Rhino**
**Corporation Respondent.**

**No. 05–CV–983–IEG(WMC).**

United States District Court,
S.D. California.

May 18, 2006.

Dana Rose, Humble, TX.

Lyndsey Heller, Law Offices of Lyndsey M Heller, Encinitas.

**Findings and Order Granting Government's Motion to Hold Respondent in Contempt for Failure to Comply with Court Order Enforcing Internal Revenue Service Summons**

GONZALEZ, Chief Judge.

Petitioner, the United States of America ("government"), has filed a motion for civil

contempt sanctions against Respondent Dana A. Rose, the former President of White Rhino Corporation, for her failure to comply with the Court's August 24, 2005 order compelling her to comply with an IRS summons. The summons was initially issued by the IRS as part of its investigation of the tax liability of the White Rhino Corporation for the fiscal year ending March 31, 2001.

A hearing was initially held before Chief Judge Irma E. Gonzalez on the government's motion on March 13, 2006. Goud Maragani appeared on behalf of the IRS. Respondent did not appear. On the Friday prior to the hearing, however, Respondent's husband, David Rose, filed a declaration in response to the government's contempt motion. As a result, the Court required the parties to file additional briefing and declarations regarding the government's motion. Those briefs and declarations have been filed.

A second hearing was held before Chief Judge Gonzalez on May 12, 2006. Goud Maragani again appeared on behalf of the government, along with IRS Revenue Agent George Lee. Attorney Lyndsey Heller specially appeared on behalf of Respondent, who appeared by telephone. Based upon all of the materials submitted by the parties, the Court GRANTS the government's motion.

### Background

On May 3, 2004, George R. Lee, a Revenue Agent employed by the Internal Revenue Service, issued a summons to Dana A. Rose, president and sole shareholder of White Rhino Corporation. [Declaration of George R. Lee in Support of Original Petition ("Original Lee Decl."), ¶¶ 3 & 4, Exhibit A.] The IRS is conducting an investigation regarding the tax liabilities of White Rhino Corporation for the fiscal tax year April 1, 2000 through March 31, 2001. [*Id.*, ¶ 3 and Exhibit A.] The May 3, 2004

summons requested Ms. Rose to appear and give testimony and produce for examination certain books, papers, records or other data regarding White Rhino Corporation. [*Id.*, ¶¶ 4–5.] The IRS served an attested copy of the summons upon Ms. Rose on May 3, 2004 by leaving it at her last place of abode. [*Id.*, ¶ 7.]

The summons directed that Ms. Rose appear before the IRS on May 14, 2004. On May 12, 2004, Ms. Rose's husband, David Rose, sent a letter to the IRS Revenue Agent stating that Dana Rose was not the president of White Rhino Corporation and that neither she nor David Rose, White Rhino's then-current president, would appear as directed by the summons. [Original Lee Decl., ¶ 8, Exhibit C.] Ms. Rose has refused to comply with the summons, and the books, records, papers, and other data sought by the summons are not already in the possession of the IRS. [*Id.*, ¶ 9–10.]

On May 5, 2005, the government petitioned the Court to enforce the summons. On May 10, 2005, the Court set a hearing date for this matter and ordered Ms. Rose to show cause why she should not be compelled to comply with the IRS summons. Because the IRS had difficulty serving Ms. Rose with the order to show cause, on June 9, 2005 the Court issued an amended order to show cause setting August 22, 2005 as the date for hearing. The government served this amended order to show cause upon Ms. Rose on July 8, 2005, and filed a proof of service with the Court. Ms. Rose did not file any written opposition to the government's petition.

A hearing was held on the government's petition on August 22, 2005. Ms. Rose did not appear. On August 24, 2005, the Court issued an order enforcing the IRS summons and requiring Ms. Rose to appear before Revenue Agent Lee on October 12, 2005. That order warned Ms.

Rose that she could be subjected to sanctions for contempt of court if she failed to comply. On or about August 31, 2005, the government served the order upon Ms. Rose by mail. Ms. Rose did not appear before the Revenue Agent on October 12, 2005 and had no contact with the Revenue Agent after the Court entered its August 24, 2005 order enforcing the IRS summons. [Declaration of Revenue Agent George Lee in Support of Motion for Contempt Sanctions ("Lee Decl."), ¶ 5.] Ms. Rose has not complied with the IRS summons. [*Id.*, ¶ 6.]

On February 6, 2006, the government filed a motion for contempt sanctions against Ms. Rose. On February 13, 2006, the Court issued an order to show cause why Ms. Rose should not be held in contempt of court for failure to comply with the Court's August 24, 2005 order, setting a hearing for March 13, 2006. The Court ordered that any written response be filed within 14 days prior to the hearing.

The government served Ms. Rose with the order to show cause by mail on February 14, 2006. Ms. Rose did not file a written response to the order to show cause. Instead, on the Friday before the March 13, 2006 hearing, Ms. Rose's husband, David Rose, filed a declaration stating that he was president of the White Rhino Corporation, and arguing that the government was improperly attempting to obtain information from Dana Rose. Based upon this declaration, the Court ordered further briefing and declarations be filed. Those briefs and declarations have now been filed.

### Discussion

■ The government moves the Court to hold Ms. Rose in civil contempt,

and to hold her in coercive confinement or alternatively to impose a daily monetary fine until such time as she complies with the Court's order.[1] A district court has the inherent authority to enforce its orders through civil contempt. *Shillitani v. United States*, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).

> The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.

*FTC v. Affordable Media LLC*, 179 F.3d 1228, 1239 (9th Cir.1999) (quoting *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir.1992)). "A party's actions 'need not be willful' and there is no good faith exception to the requirement of obedience to a court order." *Go–Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir.1993) (quoting *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir.1987)). A party may not, however, be held in civil contempt if she "has taken 'all reasonable steps' to comply with the court order." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir.1986). Courts have the power to impose a conditional period of imprisonment for the purpose of coercing an individual to obey its validly entered order. *Uphaus v. Wyman*, 360 U.S. 72, 81, 79 S.Ct. 1040, 3 L.Ed.2d 1090 (1959). A finding of civil contempt may be made without an evidentiary hearing so long as due process is otherwise satisfied. *Ayres*, 166 F.3d at 995–96.

---

1. The IRS also asks the Court to impose civil contempt sanctions to compensate the government for the costs incurred in bringing this contempt motion. Because no specific request has been made, the Court reserves its determination as to whether compensatory sanctions are appropriate.

In opposition to the government's motion, Respondent argues that she should not be held in contempt because (1) she was not President of White Rhino Corporation at the time the IRS issued the summons on May 4, 2004, and does not now hold that position; (2) the IRS failed to serve the summons upon her at the corporate address for service of process; (3) the IRS failed to properly serve the petition for enforcement of the summons, or any of the subsequent orders and motions filed in this case, upon her; and (4) that she is not the custodian of records for the corporation.

## A. Validity of the August 24, 2005 Order Enforcing IRS Summons

■ Most of the arguments raised by Respondent in opposition to the civil contempt motion go to the validity of the underlying IRS summons and the Court's August 24, 2005 order enforcing the IRS summons. So long as the court has subject matter jurisdiction over the action and personal jurisdiction over the respondent, respondent may not raise issues regarding the validity of the underlying order in defense to the motion for civil contempt. *Ayres,* 166 F.3d at 995 (taxpayer who failed to comply with order compelling compliance with IRS summons could not raise challenge the validity of the summons or enforcement order as a defense to civil contempt motion); *United States v. Rylander,* 460 U.S. 752, 756–57, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983).

■ The IRS issued the underlying summons to Respondent pursuant to 26 U.S.C. § 7402 which authorizes the Secretary of the Treasury to "examine any books, papers, records, or other data which may be relevant or material" in connection with "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue ... or collecting any such liability." Section 7602(a)(2) authorizes the Secretary to issue summonses to compel persons in possession of such books, papers, records, or other data to appear and produce the same and/or give testimony. The IRS filed its petition to enforce the IRS summons pursuant to 26 U.S.C. § 7604, which allows for the filing of an action for enforcement of an IRS summons in the district court "for the district within which the person so summoned resides or is found ...." Thus, the Court has subject matter jurisdiction over this summons enforcement action.

■ Although Respondent was not President of the White Rhino Corporation at the time the summons was issued on May 4, 2004, she was President of the corporation during the April 1, 2000 to March 31, 2001 tax year for which the IRS seeks records and information. In addition, at the time the summons was issued and until very recently Respondent served as Treasurer of the White Rhino Corporation [2], such that the IRS could still issue the summons to her as an "officer or employee" of the corporation. 26 U.S.C. § 7602(a)(2) (IRS may summon "any officer or employee" to appear to produce documents and give testimony); *United States v. Held,* 435 F.2d 1361, 1365 (6th Cir.1970) (fact that summoned individual did not hold a corporate office did not render summons for corporate documents invalid). Therefore, the summons was facially valid.

**2.** It appears from the Nevada Secretary of State's records that an Annual List of Officers and Directors was filed on March 29, 2006, following the Court's first hearing on the government's contempt motion, making David Rose the sole officer and director of the corporation. At the hearing, however, Dana Rose and her counsel conceded that until very recently she was listed as the corporation's treasurer.

■ In addition, Revenue Agent George Lee served the IRS summons upon Respondent in the manner provided for by the federal statutes. Revenue Agent George Lee has filed a declaration with an attached certificate of service indicating that he served Respondent on May 4, 2004 by leaving a copy of the summons "at the last and usual place of abode of the person to whom it was directed." [Declaration of George Lee filed on May 5, 2005, Exhibit A ("Original Lee Decl.").] This manner of service is authorized by 26 U.S.C. § 7603(a). The Court finds that Respondent received actual notice of the summons because on May 12, 2004, her husband David Rose sent a letter stating that Respondent was not the president of the White Rhino Corporation and that neither Respondent nor David Rose (who was at that time the president of the corporation) would appear as directed by the summons. [Original Lee Decl., ¶ 8, Exhibit C.]

■ This Court also obtained personal jurisdiction over Respondent. The district court acquires personal jurisdiction over a respondent in an IRS summons enforcement action by service of the petition and show cause order in the manner provided for by Rule 4 of the Federal Rules of Civil Procedure.[3] *Gilleran*, 992 F.2d at 233. Rule 4 allows for service upon individuals to be made "by delivering

a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein ...."[4] Fed. R.Civ.P. 4(e)(2). A person can have more than one "dwelling house" so long as there is sufficient indicia that he or she is living at the residence at the time service is effected. *Stars' Desert Inn Hotel & Country Club. Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir.1997). Where substitute service is used, the person with whom the summons is left must also be a resident of the "usual place of abode." *DeFazio v. Wright*, 229 F.Supp. 111, 113 (D.N.J.1964) (delivery of summons to husband did not constitute valid service upon wife and daughter who were not living with him at the time).

In this case, the Revenue Agent filed a proof of service on August 1, 2005 stating that he served the petition and amended order to show cause upon Respondent on July 8, 2005, by leaving a copy of the petition and order with a person of suitable age at Ms. Rose's residence at 2727 DeAnza Road, Unit T–24, San Diego, CA. [Docket No. 6.] In relation to these contempt proceedings, Revenue Agent Lee has filed a declaration providing additional information regarding the service of the petition and amended order to show cause.

3. Respondent repeatedly asserts that service was ineffective because under Nevada law the President of the corporation is presumptively the custodian of records and the corporation must be served through its registered agent. The IRS code and Federal Rules of Civil Procedure, however, govern the necessary procedures to be utilized in this IRS summons enforcement action. *Gilleran*, 992 F.2d at 233. Under Fed.R.Civ.P. 4(h), service may be effected upon a corporation "by delivering a copy of the summons and of the complaint to an officer ...."

4. Although the summons was directed to Respondent as President of White Rhino Corpo-

ration, and the action was brought against her "in her capacity as President of White Rhino Corporation," the IRS has pursued her individually both by serving at an address other than the corporate one listed in Reno, Nevada and by continuing to request documents knowing that she is no longer President of the corporation. Although these issues raise a question as to the government's good faith in issuing and seeking enforcement of the summons, those issues are not properly before the Court in this contempt proceeding. The only questions are whether the Court had jurisdiction to enter the order enforcing the summons and whether Respondent has the present ability to comply with the summons.

Revenue Agent Lee states that when he served the petition on July 8, 2005 at the DeAnza Road residence, he was informed by the security guard on duty that Dana Rose, David Rose, and a third person (a young man in his early twenties) lived together at the property. [Declaration of George Lee filed on March 27, 2006, ¶ 7.] When Revenue Agent Lee knocked on the door of the 2727 DeAnza Road property, a young man in his early twenties opened the door and told him that Dana Rose would be home after 7:00 p.m. [*Id.*, ¶ 8.] Revenue Agent Lee placed the paperwork on a credenza just inside the door and asked the young man to make sure that Dana Rose got the enforcement documents. [*Id.*]

On April 7, 2006, to counter the government's claim that she was served with process in this case, Respondent filed an unsworn declaration stating that since April of 2005, her "primary residence" was 12718 Wolf Creek Court, Humble, TX. [Declaration of Dana Rose, Docket No. 21, ¶ 2 ("Rose Decl.").] Respondent further states that the 2727 DeAnza Road property was rented to another family at that time. [*Id.*] Respondent states that on July 8, 2005 "I was still living in Houston and had no knowledge of the order [to show cause]. Mr. Lee delivered it to an address where I did not reside."

The Court finds by a preponderance of the evidence that the 2727 DeAnza Road property was a "dwelling house or usual place of abode" of Respondent when the Revenue Agent served the petition and order to show cause on July 8, 2005.[5] The Court finds Respondent's unsworn declara-

tion stating that her "primary residence since April of 2005 has been in Humble, Texas," as well as her statements during the May 12, 2006 hearing to be incredible. The Court also finds, based upon a preponderance of the evidence, that the petition and order were served upon a person who usually resided at the 2727 DeAnza Road property as required by Fed.R.Civ.P. 4(e)(2). The Court obtained personal jurisdiction over Respondent by the government's service of the petition and order to show cause upon her before it issued the August 24, 2005 order enforcing the IRS summons. The remainder of Respondent's objections regarding from whom the IRS should have sought the records and the manner in which they should have been sought are irrelevant in this contempt proceeding. *Ayres,* 166 F.3d at 995.

**B. Respondent's Current Ability to Comply with the Order**

■ The underlying order enforcing the IRS summons is a clear and definite order, and Respondent has failed to comply. "A party's actions 'need not be willful' and there is no good faith exception to the requirement of obedience to a court order." *Go–Video, Inc.,* 10 F.3d at 695. The only remaining question is whether Respondent has the current ability to comply with the order. An individual who lacks the current ability to comply with a definite and specific court order cannot be held in contempt for violating that order. *Rylander,* 460 U.S. at 757, 103 S.Ct. 1548; *Ayres,* 166 F.3d at 995–96.

■ In her unsworn declaration filed on April 7, 2006, Respondent states

---

**5.** The Court could find no authority regarding who bears the burden under these circumstances. In *Burda Media, Inc. v. Viertel,* 417 F.3d 292, 299 (2d Cir.2005), however, the court held in an analogous situation that a party seeking to vacate a default judgment on the basis that service was not proper bears the burden of establishing lack of personal

jurisdiction. The Court finds it appropriate under these circumstances, where Respondent seeks to void the Court's previously entered order in order to avoid imposition of contempt sanctions, to also put the burden upon her to demonstrate lack of proper service of process.

that she "has never been the Custodian of the Records" and that her husband "has been the keeper of the corporate documents." [Rose Decl., ¶ 5.] The burden is upon Respondent to establish by competent evidence that she lacks the current ability to comply with the order. *Rylander,* 460 U.S. at 757, 103 S.Ct. 1548; *Ayres,* 166 F.3d at 996. The Court finds Respondent's unsworn declaration, as well as her statements during the May 12, 2006 hearing, to be incredible. The Court believes that notwithstanding the fact she is no longer listed as an officer of the corporation, Respondent has the current ability to comply with the IRS summons should she choose to do so.

### Findings and Conclusion

Based upon the foregoing, the Court makes the following findings:

1. The IRS properly issued the summons to Respondent as an officer of the White Rhino Corporation and properly served that summons upon her;

2. Respondent received actual notice of that summons and failed to comply;

3. The IRS properly filed a petition to enforce the IRS summons and properly served Respondent with that petition along with the Court's order to show cause why the summons should not be enforced in the manner provided by the Federal Rules of Civil Procedure;

4. The IRS served Respondent with copies of all subsequent documents, including the Court's order enforcing the IRS summons, in the manner provided by the Federal Rules of Civil Procedure;

5. The Court had subject matter jurisdiction over the IRS petition, and acquired personal jurisdiction over Respondent;

6. The government has shown by clear and convincing evidence that Respondent failed to comply with the Court's August 24, 2005 clear and definite order enforcing the IRS summons;

7. Respondent has failed to establish by competent evidence that she lacks the current ability to comply with the Court's August 24, 2005 order.

Therefore, IT IS HEREBY ORDERED that the government's motion for civil contempt sanctions [Doc. No. 11] is GRANTED. A warrant for the arrest of Respondent Dana Rose shall be issued forthwith. Respondent shall be held in coercive confinement until such time as she purges this order of contempt by complying with the August 24, 2005 order.

**IT IS SO ORDERED.**