**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A&M RECORDS, INC., a Delaware corporation; et al.,<br><br>Plaintiffs - Appellees,<br><br>v.<br><br>JOHN LAMONTE, an individual; et al.,<br><br>Defendants - Appellants. | No. 08-56105<br><br>D.C. No. 2:95-cv-00212-FMC-B<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Submitted February 12, 2010**
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and BEISTLINE,*** Chief
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

John Lamonte and Creative Sounds, Ltd. appeal the district court's judgment of contempt entered against them and their counsel. The district court found appellants in contempt of an Amended Final Judgment and Permanent Injunction entered following the settlement of a copyright infringement action brought by A&M Records, Inc., and other music companies. Lamonte and Creative Sounds appeal the entry of the Second Amended Judgment and Permanent Injunction and the judgment of contempt. We affirm. Because the parties are familiar with the facts and procedural history, we need not recount it here.

We review a district court's civil contempt order under the deferential abuse of discretion standard. *Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004); *Hook v. Ariz. Dep't of Corr.*, 107 F.3d 1397, 1403 (9th Cir. 1997). We review the district court's underlying factual findings for clear error. *Irwin*, 370 F.3d at 924. We will not reverse the order of contempt unless we have "a definite and firm conviction that the district court committed a clear error of judgment after weighing the relevant factors." *In re Dual-Deck Video Cassette Recorder Antitrust Lit.*, 10 F.3d 693, 695 (9th Cir. 1993). "The district court has wide latitude in determining whether there has been contemptuous defiance of its order." *Hook*, 107 F.3d at 1403 (internal quotation marks omitted).

The district court's Amended Final Judgment and Permanent Injunction was a valid exercise of its power, and clearly prohibited the defendants from claiming to own, or attempting to sell, the 30,000 master recordings listed in Schedule 3 of the order. The defendants' interpretation of the order is untenable and was appropriately rejected by the district court, which was in the best position to determine the meaning of its prior order.

Defendants violated the district court's clear prohibition when they sent a letter stating their intention to sell the 30,000 master recordings as soon as possible, and stating that their right to do so was unaffected by the Amended Permanent Injunction. Their arguments to the contrary are unsupported by the record.

The district court did not abuse its discretion in finding defendants and counsel in contempt of the Amended Final Judgment and Permanent Injunction. Defendants repeatedly refused to comply with the district court's orders to produce the 30,000 master recordings at Ocean Tomo in Chicago, and still have provided absolutely no explanation for this failure. The offer, over almost a year later, for plaintiffs to view the recordings in a completely different location controlled by the defendants cannot be characterized as a good faith effort to substantially comply with the district court's orders. The recordings they did produce were only a

3

portion of those requested by the district court, and were copies instead of original documents. The recordings were produced in an unusable form and devoid of any chain-of-rights documentation. The chain-of-rights documentation defendants finally produced was an unorganized "document dump." The chain-of-rights documentation did not clearly demonstrate chain of title rights to much of the disputed recordings and was not in the form required by the district court.

In sum, defendants and their attorney violated the court orders, did not make a good faith effort to comply with the orders, and had no basis to decline to perform founded on a good faith and reasonable interpretation of the orders.

The district court was entirely correct in all of its rulings. We affirm the entry of the Amended Judgment and Permanent Injunction and the contempt order.

**AFFIRMED.**