NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CODEXIS, INC.,**
*Plaintiff-Appellee*

**v.**

**ENZYMEWORKS, INC., SUZHOU HANMEI BIOTECHNOLOGY CO. LTD, DBA ENZYMEWORKS, INC. (CHINA), JUNHUA TAO, ANDREW TAO,**
*Defendants-Appellants*

---

2018-1655

---

Appeal from the United States District Court for the Northern District of California in No. 3:16-cv-00826-WHO, Judge William H. Orrick, III.

---

Decided: February 8, 2019

---

DOUGLAS ETHAN LUMISH, Latham & Watkins LLP, Menlo Park, CA, for plaintiff-appellee. Also represented by GABRIEL GROSS; GABRIEL BELL, Washington, DC.

J. JAMES LI, LiLaw, Inc., Los Altos, CA, for defendants-appellants. Also represented by ANDY PIERZ.

---

Before DYK, CHEN, and HUGHES, *Circuit Judges.*

PER CURIAM.

EnzymeWorks, Inc., Suzhou Hanmei Biotechnology Co., d/b/a EnzymeWorks, Inc. (China), Junhua Tao, and Andrew Tao (collectively "EnzymeWorks") appeal from orders of the U.S. District Court for the Northern District of California. The district court imposed sanctions on EnzymeWorks's counsel for unreasonably multiplying the proceedings and violating the local rules ("Sanctions Order"). The district court also held EnzymeWorks in contempt of a district court protective order and imposed sanctions for violating the order ("Contempt Order"). We *affirm* the Contempt Order and *remand* to allow the district court to vacate the Sanctions Order.

BACKGROUND

I

On February 19, 2016, Codexis, Inc. ("Codexis") sued EnzymeWorks, asserting patent infringement, trade secret misappropriation, and various state law claims. On August 11, 2017, Codexis filed a motion for leave to amend its complaint to add two new state law claims. EnzymeWorks opposed the motion. EnzymeWorks argued, among other things, that the proposed amendments were futile and would not survive a motion to dismiss. The district court determined that the proposed amendments were not futile and granted Codexis's motion for leave on September 25, 2017. Three days later, Codexis filed a second amended complaint adding these new claims.

On September 27, 2017, EnzymeWorks sought leave to file a motion for reconsideration of the district court's order granting Codexis leave to amend the complaint. EnzymeWorks "raised the same argument [it raised in opposition to Codexis's motion for leave], without citing new

facts, new law or a manifest failure by the Court to consider such facts or law," as required by the local rules. *Codexis, Inc. v. EnzymeWorks, Inc.*, No. 3:16-cv-00826, 2017 WL 5992130, at \*5 (N.D. Cal. Dec. 4, 2017). On October 9, 2017, EnzymeWorks filed a motion to dismiss the new claims, asserting the same arguments for a third time.

On December 4, 2017, the district court issued the Sanctions Order. The court denied EzymeWorks's motion for leave to file a reconsideration motion and motion to dismiss and imposed sanctions on EnzymeWorks. The court ordered EnzymeWorks's counsel to "pay plaintiff's counsel $10,000 as a civil sanction for needlessly multiplying this litigation and violating the Local Rules." *Id.*

On February 5, 2018, the parties notified the district court that they had settled the underlying dispute and submitted a stipulated consent judgment of patent infringement and a stipulated permanent injunction. The parties also filed a stipulated protective order, which restricted the parties' comments on the settlement. The district court approved and entered the three stipulated orders. Pursuant to the settlement agreement, the court dismissed the remaining claims with prejudice.

In connection with the settlement, EnzymeWorks also filed an unopposed motion to vacate the Sanctions Order. The district court did not immediately act on the motion. On March 6, 2018, EnzymeWorks filed a notice of appeal with respect to the Sanctions Order. While the appeal was pending, the district court purported to vacate the Sanctions Order.

II

Immediately after the parties settled, and after entry of the district court's protective order, EnzymeWorks issued a series of press releases. On February 20, 2018, Codexis filed a motion to hold EnzymeWorks "in contempt for

violating the [stipulated protective order] because defendants issued press releases that did not use the agreed upon statement and that spun the litigation and parties in a way that the [stipulated protective order] was designed to avoid." *Codexis, Inc. v. EnzymeWorks, Inc.*, No. 3:16-cv-00826, 2018 WL 1536655, at *1 (N.D. Cal. Mar. 29, 2018).

On March 29, 2018, the district court issued the Contempt Order. The court found EnzymeWorks in contempt of the stipulated protective order and sanctioned EnzymeWorks. Specifically, the court (1) "award[ed] Codexis's counsel the full amount of its reasonable attorneys' fees and costs incurred in connection with these contempt proceedings and with their efforts to secure defendants' compliance with the [stipulated protective order]"; and (2) ordered EnzymeWorks to retract the press releases and, in that same retraction, publish the following statement:

> EnzymeWorks has been ordered by the United States District Court for the Northern District of California to retract its prior statements and press releases pertaining in any way to the settlement of the lawsuit filed against it by Codexis, Inc. The Court has found EnzymeWorks's prior statements on the matter were made IN VIOLATION OF A COURT ORDER, and the Court has found EnzymeWorks . . . IN CONTEMPT OF COURT as a result of those prior statements.

*Id.* at *9. EnzymeWorks subsequently amended its March 6, 2018 notice of appeal to appeal the Contempt Order.

## III

We have jurisdiction pursuant to 28 U.S.C. § 1292(c). When reviewing non-patent law issues, such as the imposition of sanctions or the standard for contempt, we apply the law of the regional circuit. The Ninth Circuit reviews a district court's "decision to impose sanctions for contempt for an abuse of discretion." *In re Crystal Palace Gambling*

*Hall, Inc.*, 817 F.2d 1361, 1364 (9th Cir. 1987).  "A contempt order will not be reversed unless [the court] ha[s] a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached after it weighed the relevant factors."  *Id.*

DISCUSSION

I

EnzymeWorks argues the district court abused its discretion in holding it in contempt because its press releases did not violate the stipulated protective order.  We disagree.

A district court has the authority to punish "contempt of its authority," including a party's "[d]isobedience" of an "order."  18 U.S.C. § 401(3); *accord Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994); *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995).  Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)). The contempt "need not be willful," but "a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order."  *Id.* (internal quotation marks and citations omitted).

The stipulated protective order provided that

[t]he parties may make *only* the agreed statement, attached as Exhibit 1, to any third party concerning the settlement of the above-captioned action. The parties are prohibited from making *any other statement or disclosure* regarding the settlement of this action to any third party.

*Codexis*, 2018 WL 1536655, at *3 (alteration in original) (emphases added). The agreed statement was a single paragraph and stated that the parties "have reached a settlement concerning the lawsuit filed by Codexis against EnzymeWorks," the terms of the settlement "are confidential," the parties have "stipulated to a judgment of patent infringement . . . and a permanent injunction barring any future infringement," and the remaining claims "have been dismissed with prejudice." *Id.* It is undisputed that EnzymeWorks did not use the agreed statement verbatim in its press releases, which were each multiple paragraphs. For example, one of the press releases stated that "[f]rom the very beginning, EzymeWorks decided not to oppose the patent infringement claims because of the limited exposure, but fiercely denied any other liabilities throughout the case." *Id.* at *6, *8. The press release then directed the reader to a prior EnzymeWorks press release discussing Codexis's claims negatively. *Id.*

The district court found that the press releases contained more than mere stylistic changes from the agreed upon language. It found that the press releases materially deviated from the agreed statement and spun the litigation and settlement in a way more favorable to EnzymeWorks. The court found that EnzymeWorks did not take all reasonable steps within its power to comply with the order and that its interpretation of the stipulated protective order was not reasonable. Thus, it held EnzymeWorks in contempt.

We do not find that the district court abused its discretion in holding EnzymeWorks in contempt for violating the stipulated protective order. We have considered EnzymeWorks's remaining arguments and find them without merit.

## II

EnzymeWorks also asks this court to vacate the Sanctions Order because the district court purported to vacate the order after EnzymeWorks filed its first notice of appeal and thus lacked jurisdiction to vacate the order.

We agree that the filing of EnzymeWorks's first notice of appeal divested the district court of jurisdiction to vacate the Sanctions Order. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).[1]

---

[1]     This is in contrast to the Contempt Order entered after the first notice of appeal was filed, because the contempt proceeding was a separate proceeding for purposes of finality. Although EnzymeWorks should have filed a separate notice of appeal rather an amended notice of appeal as to the Contempt Order, it is the substance, not the form, of the notice that counts for purposes of Federal Rule of Appellate Procedure 3. *See Becker v. Montgomery*, 532 U.S. 757, 767–68 (2001) (collecting cases) ("[I]mperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court."); *Intercargo Ins. v. United States*, 83 F.3d 391, 394–95 (Fed. Cir. 1996) ("[W]hile it is the filing of the notice of appeal that confers jurisdiction on the appellate court . . . , strict adherence to the requirements of Rule 3 is not a prerequisite to a valid appeal, as long as the litigant's action is 'the functional equivalent of what the rule requires.'"); *Cel-A-Pack v. Cal. Agric. Labor Relations Bd.*, 680 F.2d 664, 667 (9th Cir. 1982) ("[C]ourts of appeals have discretion, when the interests of substantive justice

We therefore remand to the district court to allow the court to vacate the Sanctions Order.

**AFFIRMED AND REMANDED**

Costs

Costs to Codexis.

---

require it, to disregard irregularities in the form or procedure for filing a notice of appeal.").