**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>LATASHA DENELL MITCHELL,<br>       Debtor. | BAP No. EC-21-1265-TLB<br><br>Bk. No. 2:10-bk-41906-CMK |
| LATASHA RICHARDSON, aka Latasha<br>Denell Mitchell,<br>       Appellant,<br>v.<br>SELECT PORTFOLIO SERVICING,<br>INC.,<br>       Appellee. | Adv. No. 2:20-ap-02166-CMK<br><br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Christopher M. Klein, Bankruptcy Judge, Presiding

Before: TAYLOR, LAFFERTY, and BRAND, Bankruptcy Judges.

## INTRODUCTION

Appellant Latasha Richardson removed a two-year-old state court

lawsuit to the bankruptcy court approximately eight years after her

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

chapter 7[1] case closed. She then sought a determination of contempt based on a theory never before the state court. The bankruptcy court remanded the case and denied the motion alleging contempt.

Appellant never attempted an appeal of the remand order, but she filed a motion seeking additional time to appeal the denial of sanctions (the "Extension Motion"). In its caption and prayer, the Extension Motion also requested a stay of remand. The bankruptcy court found that excusable neglect justified a late notice of appeal, but it said nothing about a stay of the remand.

Appellant then alleged a violation of the order based on the state court defendant's post-remand actions in the state court and filed a motion again seeking sanctions. The bankruptcy court denied this motion, stating "the court is not persuaded that there are any meritorious grounds for discerning contempt." Appellant appealed.

We AFFIRM.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

**FACTS[2]**

**A.  Appellant's chapter 7 case and post-petition litigation with SPS**

Appellant filed her chapter 7 petition and received her discharge in 2010.[3] The case closed in due course.

In 2018, Appellant filed a complaint against Select Portfolio Servicing, Inc. ("SPS") in the Superior Court for Sacramento County and asserted causes of action based on alleged violations of her rights under Keep Your Home California (the "State Court Action"). After almost two years of litigation, the state court granted SPS's motion for summary judgment.

Immediately thereafter, Appellant removed the State Court Action to the bankruptcy court. SPS promptly sought remand; it relied on Rule 9027(a)(3) and argued that the removal was untimely. The bankruptcy court agreed and remanded the case.

**B.  The Discharge Contempt Motion**

During the period of temporary removal, Appellant filed a motion for contempt against SPS. She alleged that SPS had violated both the automatic stay and her discharge injunction by trying to collect a "void

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding, Case No. 2:20-ap-02166. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Case No. 10-41906 was filed under her name at the time, Latasha Denell Mitchell.

loan."[4] The bankruptcy court denied this motion ("Discharge Contempt Order").

Appellant failed to timely appeal the Discharge Contempt Order, but she promptly filed the Extension Motion captioned as a Motion for Extension of Time to File Notice of Appeal, For Leave of Court to File Notice of Appeal, and to Stay Remand." In this document, she moved for an order extending the time to appeal the Discharge Contempt Order; the bankruptcy court granted this request.[5]

The separately filed notice of the Extension Motion included the phrase "and to stay remand on the grounds of excusable neglect pursuant to Rule 8002(d)(1)(B)." And the Extension Motion's prayer stated, "Plaintiff further moves this Court to stay the Remand Order issued January 15, 2021, pending outcome of the Court's decision on this motion." There is otherwise no discussion of the stay request in Appellant's documents. Appellant identified neither facts nor legal theory nor authority justifying such a stay. Further, there was no discussion of the stay request at the hearing on the Extension Motion; the bankruptcy court focused solely on the request for an extension of time. The order that followed (the

---

[4] Appellant asserted the debt was "void" because the loan was discharged, ignoring that it was secured by her home.

[5] Appellant then proceeded with the appeal, the BAP subsequently affirmed, and the matter is now before the Ninth Circuit Court of Appeals.

"Extension Order") stated: "the motion is granted based on the findings stated on the record."

## C.     The Stay Contempt Motion

While the Extension Motion was pending, remand having been granted, Appellant dismissed the State Court Action. SPS responded with a motion to vacate the dismissal and for a judgment. Notwithstanding Appellant's own post-remand activity in the state court, Appellant asserted that the state court could not act because the bankruptcy court stayed remand. The state court disagreed, set aside the dismissal, and entered judgment in favor of SPS.

Appellant then filed her "Verified Motion for Indicative Ruling on an Order to Show Cause Why Douglas C. Straus, Tiffany F. Ng and Defendant Should not be Held in Contempt of Court and Sanctioned for Failing to Comply with a Court Order" ("Stay Contempt Motion"). It sought $100 million in sanctions and alleged contempt because SPS took post-remand actions in the state court. The Stay Contempt Motion provided no new analysis or argument related to the stay of remand request.

At the hearing on the Stay Contempt Motion, the bankruptcy court made no comments and took the matter under submission. Its subsequent order denied the contempt request, sparsely stating that: "Upon consideration of the record, the court is not persuaded that there are any meritorious grounds for discerning contempt."

Appellant timely appealed.

5

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158 to hear an appeal from the order on the Stay Contempt Motion. *See Humphreys v. EMC Mortg. Corp. (In re Mack)*, BAP Nos. CC-06-1123-MoDK, CC-06-1242-MoDK, 2007 WL 7545163, at *3 (9th Cir. BAP Mar. 28, 2007) ("[W]here a contempt order disposes of the only matter before the court, the order is appealable as a final judgment.").

## ISSUE

Whether the bankruptcy court erred in denying the Stay Contempt Motion.

## STANDARD OF REVIEW

A bankruptcy court's decision whether to hold a party in civil contempt is reviewed for abuse of discretion. *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1191 (9th Cir. 2003). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

6

## DISCUSSION

**A.    The bankruptcy court did not abuse its discretion when it denied the Stay Contempt Motion.**

Bankruptcy courts have enormous discretion in deciding whether sanctions are appropriate. "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "The standard for finding a party in civil contempt is well settled: the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Dyer*, 322 F.3d at 1190-1191 (citation omitted).

Here no specific and definite order stayed the remand. In fact, the Extension Order says nothing more than "the motion" is granted for the reasons stated orally on the record, and no discussions or findings on the record relating to the requested stay exist. Thus, the record supports that the bankruptcy court exercised its discretion appropriately: there was no clear and convincing evidence that SPS violated its order. Indeed, there is no clear and convincing evidence that the bankruptcy court granted a stay.

Appellant attempts to stretch the bankruptcy court's simple order into the entry of a specific and definite order staying the already accomplished remand. But the bankruptcy court entered the Extension Order and knew what it intended. Further, a court may amend or clarify its order at a later time, on its own motion and even without notice, pursuant

7

to Civil Rule 60(a).[6] When the bankruptcy court ruled that there were no "meritorious grounds for discerning contempt," it clarified, to the extent necessary, that it had not stayed remand. We find no abuse of discretion in this determination and any implicit clarification.

## B. There was no legal basis to enter a stay.

The only legal basis cited by Appellant as authority for the entry of a stay of remand was the reference to Rule 8002(d)(1)(B) in the notice of the Extension Motion. But that Rule only allows the bankruptcy court to extend time to file a notice of appeal. So, Appellant articulates no legal basis for her remand stay request, and we know of none.

Removal is instantaneous. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers,* 124 F.3d 999, 1010 (9th Cir. 1997) (Upon removal, the state court proceeding has been extinguished.) Remand operates in the same fashion.

The Supreme Court noted in *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano,* 140 S. Ct. 696 (2020), that after the notice of removal was filed, "the case remained in federal court until that court . . . reached a decision about the motion to remand that was pending before it. The [state court's] actions in the interim . . . are void." *Id.* at 701. Similarly,

---

[6] Rule 9024 makes Civil Rule 60(a) applicable in bankruptcy proceedings. It states: "The court may correct a . . . mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

entry of the order remanding the State Court Action extinguished the post-removal bankruptcy court proceeding and any bankruptcy court jurisdiction. Remand could not be stayed by the bankruptcy court after the remand order became final.

And what effect did the stay have when it was supposedly entered? The remand order had been entered nearly a month earlier. Appellant's own post-remand activity acknowledged that the litigation was pending in state court and not at the bankruptcy court. Appellant has offered no argument that the bankruptcy court had the legal ability to stay prosecution of a case that was no longer before it.

**C.    If the bankruptcy court granted the stay of remand as requested, the stay ended when the bankruptcy court ruled on the Extension Motion.**

Appellant's Extension Motion prayed for a stay "pending outcome of the Court's decision on this motion." She argues that this request was granted by implication when the bankruptcy court ruled that "the motion is granted."

But limiting the effect of such an order is the ephemeral nature of the requested stay. If granted as requested, it would exist only until the bankruptcy court made its decision on the Extension Motion. Thus, the requested stay would arise and terminate simultaneously. It could not be violated.

**D.** **Even assuming a stay, denial of contempt was not an abuse of discretion.**

Given the above, the bankruptcy court's decision to deny the Stay Contempt Motion could not be an abuse of discretion. "[A] person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'" *Go-Video, Inc. v. Motion Picture Ass'n of Am. (In re Dual-Deck Video Cassette Recorder Antitrust Litig.),* 10 F.3d 693, 695 (9th Cir. 1993). To argue that the Extension Order unambiguously stayed remand or the State Court Action is frivolous.

## CONCLUSION

Based on the foregoing, we AFFIRM.