NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM ROUSER,

Plaintiff-Appellant,

v.

THEO WHITE; et al.,

Defendants-Appellees,

and

E. W. MEADS, Protestant Chaplain; et al.,

Defendants.

No. 20-56349

D.C. No. 2:11-cv-09123-RGK-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 12, 2022[**]

Before:     SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

California state prisoner William Rouser appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's order denying Rouser's motion for contempt for violations of a consent decree. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a district court's decision to deny a motion for contempt. *Hallett v. Morgan*, 296 F.3d 732, 749 (9th Cir. 2002). We affirm.

Although the district court found that defendants violated the consent decree by failing to permit Rouser to access his religious items within thirty days of his transfer, the district court did not abuse its discretion in denying Rouser's motion for contempt because Rouser did not request sanctions and the violation had already ended. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) ("A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained." (citations and internal quotation marks omitted)); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 696 (9th Cir. 1993) (a civil contempt sanctions award "must be limited to [a party's] actual loss for injuries which result from the noncompliance" (internal quotation marks and citations omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**