MEMORANDUM **
Peter Hoffman, CineVisions, Seven Arts Pictures, Inc., and Seven Arts Pictures PLC (collectively “Appellants”) appeal multiple district court orders concerning an arbitration between Appellants and Jonesfilm regarding movie sequel rights. In those orders, the district court first stayed the proceedings pending arbitration, and then, after the arbitration had taken place, denied Appellants’ motion for summary judgment and confirmed the arbitration award. Jonesfilm cross-appeals the district court’s denial of its motion to vacate and modify that part of the arbitration award which had denied Jonesfilm any net receipts from the sequels. The parties are familiar with the facts of this case, and we repeat them only to the extent necessary to understand our disposition. We have jurisdiction pursuant to 9 U.S.C. § 16(a)(l)(D)-(E), (2) and 28 U.S.C. §§ 1291, 1292(a). We affirm on all issues.
We consider three claims made by Appellants. They argue that the district court erred by (1) requiring them to submit their claims to arbitration; (2) denying their motion for summary judgment and enforcing the arbitration award, including the first and second attorney’s fees awards and the foreclosure award; and (3) finding them in civil contempt and awarding sanctions against them for their failure to comply with the court’s order confirming the arbitration award. We find none of their arguments persuasive and affirm the district court’s decisions.
Regarding Appellants’ first claim, the Federal Arbitration Act required the court to determine the dispute’s arbitrability. See 9 U.S.C. §§ 2, 3 (2000); Wolsey, Ltd. v. Foodmaker, Inc., 144 F.3d 1205, 1212-13 (9th Cir.1998). Here, the dispute was arbitrable because Appellants were *965 bound by the arbitration agreement in the Jonesfilm/NTTS Agreement and because the sequel rights at issue in their claims in federal court stemmed from that agreement. Appellant CineVisions was bound as a “joint and several obligor” of the Jonesfilm/NTTS Agreement. The Seven Arts companies and Hoffman, though non-signatories, were bound by the agreement under the ordinary contract principles of estoppel and alter ego. See Comer v. Micor, Inc., 436 F.3d 1098, 1101-02 (9th Cir.2006). Appellants were bound to arbitrate their claims in federal court because the rights they sought to confirm include rights granted in the Jonesfilm/NTTS Agreement, which Appellants received through a series of assignments from NTTS. The position they take on those rights also implicates Jonesfilm’s rights in the Jonesfilm/NTTS Agreement.
Regarding Appellants’ second claim, Appellants make similar arguments claiming error in the district court’s denial of them motion for summary judgment and in its confirmation of the arbitration award. The district court properly denied Appellants’ motion for summary judgment as an improper vehicle for vacating an arbitration award. See 9 U.S.C. § 10 (2000). In the context of the arbitration award, the arbitrator decided not to consider Appellants’ arguments after Appellants failed to file a Statement of Defense containing those arguments, as required. This decision was proper under the arbitration rules Appellants were bound by and, thus, was not a “manifest disregard of the law” that would support vacating the arbitration award. See Collins v. D.R. Horton, Inc., 505 F.3d 874, 879 (9th Cir. 2007) (permitting the vacation of awards which exhibit “manifest disregard of the law”).
Finally, Appellants’ third claim likewise fails. The court did not abuse its discretion by finding Appellants in civil contempt and awarding sanctions against them, given Appellants’ failure to comply with the court’s order enforcing the arbitration award. See Go-Video, Inc. v. Motion Picture Assoc, of Am., 10 F.3d 693, 695 (9th Cir.1993); FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir.1999); Perry v. O’Donnell, 759 F.2d 702, 704-05 (9th Cir.1985).
We consider one cross-claim made by Jonesfilm, which contends that the district court erred in confirming that portion of the arbitrator’s award which found no net receipts due to Jonesfilm. We disagree. While Hoffman did engage in deplorable attempts to intimidate witnesses testifying in the net receipts proceeding, all parties, including the arbitrator, were aware of those threats prior to that proceeding. See AG. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1404 (9th Cir.1992) (“[W]here the ... undue means is not only discoverable, but discovered and brought to the attention of the arbitrators, a disappointed party will not be given a second bite at the apple.”). Furthermore, even if Jonesfilm could show that the arbitrator in the second arbitration was threatened by Hoffman’s lawsuits against the arbitrator in the previous arbitration, those threats permeated the entire proceeding, not just the net receipts portion, and, thus, do not justify vacating or modifying a portion only.
In conclusion, we AFFIRM the district court on all issues.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.