# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2013

Lyle W. Cayce
Clerk

No. 12-31176

SEVEN ARTS FILMED ENTERTAINMENT LIMITED, an English corporation,

Plaintiff - Appellant,

v.

JONESFILM, a Pennsylvania joint venture,

Defendant - Appellee,

v.

LEEWAY PROPERTIES, INCORPORATED,

Garnishee - Appellant

***************

JONESFILM,

Creditor - Appellee,

v.

PETER M. HOFFMAN; SEVEN ARTS FILMED ENTERTAINMENT LIMITED,

Interested Parties - Appellants.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09–MC–4814

No. 12-31176

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

For the second time in six months, Appellants ask us to review the propriety of the district court's findings regarding jurisdiction and contempt. *See Seven Arts Pictures, Inc. v. Jonesfilm*, 512 F. App'x 419 (5th Cir. 2013) (unpublished).[1]  Here, again, we find no reversible error in the district court's findings and therefore AFFIRM.

By this time, the parties and the court are intimately familiar with the relevant facts.  Nevertheless, we provide a brief summary of the events preceding the order that gives rise to the instant appeal, which demonstrate Appellants' continuing disregard for the lawful mandates of the judiciary. Indeed, as discussed below, the contempt order at issue here is the third such order entered against Appellant Peter Hoffman and companies that he owns or affiliates with (collectively, the "judgment debtors").

Since 2005, Jonesfilm has been involved in a series of arbitrations and lawsuits with the judgment debtors, including Cinevisions and Appellant Seven Arts Filmed Entertainment, Ltd. ("SAFE").  In 2007, the U.S. District Court for the Central District of California confirmed an arbitration award and entered judgment in favor of Jonesfilm and against the judgment debtors for almost $300,000 plus attorneys' fees, costs, and interest.  After the California district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In light of this decision, Appellants withdrew their arguments in this appeal regarding the district court's jurisdiction over Peter Hoffman and the district court's order denying a motion to transfer under 28 U.S.C. § 1404(a).

No. 12-31176

court entered this judgment, Jonesfilm filed a motion for contempt against the judgment debtors. The California district court granted Jonesfilm's motion in part, holding Hoffman, Cinevisions, and SAFE (among other entities) in contempt for failing to comply with its judgment and awarding Jonesfilm $14,300 in attorneys' fees. The Ninth Circuit affirmed the California district court's order. *Seven Arts Pictures PLC v. Jonesfilm*, 311 F. App'x 962, 965 (9th Cir. Feb. 12, 2009). According to Jonesfilm, neither Hoffman nor any other judgment debtors have purged the California contempt order.

Through discovery in the California proceeding, Jonesfilm learned that Hoffman and other judgment debtors own or control several Louisiana limited-liability companies. Thus, Jonesfilm registered the California judgment in the U.S. District Court for the Eastern District of Louisiana. The district court ordered Hoffman and the other judgment debtors to produce Schedule K-1s, financial statements, and tax returns.[2] It also garnished funds held on behalf of the judgment debtors by Louisiana companies, including Appellant Leeway Properties, Inc. ("Leeway"). On Jonesfilm's motion, the district court later determined that Hoffman, the other judgment debtors, and Leeway disobeyed these orders; accordingly, in November 2011, it held them in contempt and

---

[2] In the prior appeal, Hoffman and Seven Arts Pictures, Inc. ("SAP") contended that the district court should not have ordered them to disclose their tax returns in post-judgment discovery. *Seven Arts Pictures, Inc.*, 512 F. App'x at 424–25. In support of this argument, they asserted that the tax returns were unavailable. *Id.* at 425. But, as we explained, this argument is just one more example of the depth of the contemptuous conduct:

> If SAP's tax returns were unavailable, the proper response was to inform the court of that fact, not to ignore the orders until a contempt motion was brought. Any of SAP and Hoffman's justifications could have supported a motion to modify or vacate the charging orders, but none of them comes close to justifying the utter disregard for the district court.

*Id.*

ordered them to deliver the garnished funds and pay Jonesfilm more than $21,000 in attorneys' fees. We affirmed the district court's order. *See Seven Arts Pictures, Inc.*, 512 F. App'x at 422–28.

Hoffman and Leeway did not ask the district court to stay the November 2011 contempt order pending their appeal, but they did not comply with it either. So, in November 2012 the district court held them in contempt for disobeying it. We referenced this development in our February 18 decision and admonished Hoffman and Leeway that they "would be wise to fulfill their obligations to the court without delay." *Id.* at 428. Rather than heed our guidance and comply with the district court's first or second contempt orders, Hoffman and Leeway brought this appeal challenging the November 2012 contempt order. SAFE also appeals, challenging the district court's exercise of personal jurisdiction over it.

We review a district court's contempt orders and the sanctions that it imposed pursuant to those orders for an abuse of discretion. *Whitcraft v. Brown*, 570 F.3d 268, 271 (5th Cir. 2009) (citing *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004)). We review the district court's underlying findings of fact for clear error and its conclusions of law *de novo*. *Id.* (citing *City of Jackson*, 359 F.3d at 731). The district court's determination that it has personal jurisdiction over a defendant is a conclusion of law and, therefore, is subject to *de novo* review. *Quick Tech., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (citing *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 335 (5th Cir. 1999)). Applying these standards here, we find no reversible error in the district court's November 2012 order.

No. 12-31176

The district court did not abuse its discretion. As the Supreme Court has explained:

> [A]ll orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, *but, absent a stay, he must comply promptly with the order pending appeal.* Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975) (emphasis added); *see also Hornbeck Offshore Servs., L.L.C. v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013) (recognizing that federal courts' inherent contempt power "promotes the due and orderly administration of justice and safeguards the court's authority" (internal quotation marks and citation omitted)). Here, as we explained in our February 18 decision, Appellants did not seek to stay the district court's November 2011 contempt order, nor did they comply with it. *See Seven Arts Pictures, Inc.*, 512 F. App'x at 428. This disregard for the district court's order was but one installment in the continuing tale of Appellants' contemptuous conduct. The district court's thirty-one page opinion comprehensively discussed these facts, the governing legal principles, and the appropriateness of the sanctions that it imposed. We see no reversible error in the district court's well-reasoned analysis or conclusions.[3] *See Hornbeck Offshore Servs.*, 713 F.3d at 792 ("[A] district

---

[3] The district court's November 2011 contempt order listed "Seven Arts Entertainment Limited" as a judgment debtor; however, there is no such entity. As part of its November 2012 contempt order, the district court corrected this error to name "Seven Arts Entertainment, Inc." and "Seven Arts Filmed Entertainment Limited" as separate judgment debtors. Appellants contend that the district court had no authority to make this revision because Seven Arts Entertainment, Inc. is not a judgment debtor. We reject this argument. The California district court's judgment confirming the arbitration award in favor of Jonesfilm explicitly states that it is binding on the judgment debtors' successors. We agree with the

No. 12-31176

court is entitled to a degree of flexibility in vindicating its authority against actions that . . . violate the reasonably understood terms of [its] order[s].").

We further conclude that the district court correctly determined it has jurisdiction over SAFE.[4] As an initial matter, we observe that the district court first determined that it had jurisdiction over SAFE in a September 2012 order that denied SAFE's motion to dismiss for lack of personal jurisdiction in a separate but closely-related action. *See Jonesfilm v. Hoffman*, No. 11-1994, 2012 WL 4325461, at \*5–8 (E.D. La. Sept. 20, 2012). SAFE did not file a notice of appeal from that September order; to the contrary, it joined with Hoffman in filing an Amended Answer and has continued to litigate that action. Moreover, the district court's September order explained in detail SAFE's contacts with Louisiana, the benefits associated with those contacts, and SAFE's intertwined and intimate relationship with Hoffman and other entities over which the district court has jurisdiction. *See id.* at \*5–8. For the reasons stated in the district court's September 2012 order and reiterated in its November 2012 contempt order, we agree that the district court may assert jurisdiction over SAFE.

For the foregoing reasons, we AFFIRM the district court's order.

---

district court that Seven Arts Entertainment, Inc. is the successor of the named judgment debtor Seven Arts Pictures PLC.

[4] The district court also determined that it has jurisdiction over judgment debtor Cinevisions because it is the alter ego of Hoffman. On appeal, Hoffman and SAFE contend that this conclusion was error. We disagree. The district court's alter ego analysis was sound. Moreover, Cinevisions did not file a notice of appeal. That Hoffman challenges the district court's finding on Cinevisions's behalf only serves to reinforce the district court's conclusion that Cinevisions is in fact Hoffman's alter ego. *See* Order, Nos. CV–05–1292 & CV–06–2387 (C.D. Cal. Feb. 26, 2008) (recognizing that NTTS Productions Ltd. was an alter ego of Hoffman and noting that NTTS transferred all of its assets to Cinevisions).